THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent
 v.
 Fernando
 Saenz-Montes, Appellant.
 
 
 

Appeal From Oconee County
 Howard P. King, Circuit Court Judge
Unpublished Opinion No. 2008-UP-548
Submitted October 1, 2008  Filed October
 9, 2008   
AFFIRMED

 
 
 
 Beattie B. Ashmore, of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Harold M. Coombs, Jr. all of Columbia; Solicitor Christina T.
 Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Fernando Saenz-Montes appeals
 his conviction and sentence for trafficking in cocaine, arguing the trial court
 erred in denying his motion to suppress evidence seized during a search of a
 vehicle he was driving because the dog sniff did not reveal drugs were in the
 vehicle and the detention following the traffic stop violated his Fourth
 Amendment rights.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1. 
 As to whether the dog sniff revealed drugs were in the vehicle:  State v.
 Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) (stating the admission or
 exclusion of evidence is a matter addressed to the trial courts sound
 discretion); State v. Douglas, 367 S.C. 498, 509, 626 S.E.2d 59,
 65 (Ct. App. 2006) (explaining defects in the amount and quality of the
 experts education or experience go to the weight to be accorded the experts
 testimony and not to its admissibility).
2.  As to whether
 the detention following the traffic stop violated his Fourth Amendment rights: Whren
 v. United States, 517 U.S. 806, 809-10 (1996) (Temporary detention of
 individuals during the stop of an automobile by the police, even
 if only for a brief period and for a limited purpose, constitutes a seizure of
 persons within the meaning of [the Fourth Amendment].); Florida v.
 Royer, 460 U.S. 491, 500 (1983) (explaining an investigative detention must
 be temporary and last no longer than is necessary to effectuate the purpose of
 the stop and the scope of the detention must be carefully tailored to its
 underlying justification); Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6
 (1977) (holding when police lawfully detain a motor vehicle for a traffic
 violation, they may order the driver to exit the vehicle without violating
 Fourth Amendment proscriptions on unreasonable searches and seizures); State
 v. Brockman, 339 S.C. 57, 66, 528 S.E.2d 661, 666 (2000) (articulating the any
 evidence standard of review to apply to Fourth Amendment search and seizure
 cases); State v. Pichardo, 367 S.C. 84, 99, 623 S.E.2d 840, 848 (Ct.
 App. 2005) (explaining  Fourth Amendment jurisprudence provides lengthening the
 detention for further questioning once the initial traffic stop is completed is
 permissible in two situations: (1) the officer may detain the driver for
 questioning unrelated to the initial stop if he or she has an objectively
 reasonable and articulable suspicion illegal activity has occurred or is occurring;
 and (2) further questioning unrelated to the initial stop is permissible if the
 initial detention has become a consensual encounter); State v. Williams,
 351 S.C. 591, 597-98, 571 S.E.2d 703, 707 (Ct. App. 2002) (stating when
 probable cause exists to believe a traffic violation has occurred, the decision
 to stop the automobile is reasonable per se); State v. Butler, 343 S.C.
 198, 201, 539 S.E.2d 414, 416 (Ct. App. 2000) (stating the Fourth Amendment
 guarantees a person the right to be secure from unreasonable searches and
 seizures).
AFFIRMED.
ANDERSON,
 WILLAIMS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.